IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. 3:25-CV-703-B-BW |
| | § | |
| BAY MOUNTAIN CAPITAL LLC, and | § | |
| STEWART TITLE GUARANTY | § | |
| COMPANY, | § | |
|     Defendants. | § | Referred to U.S. Magistrate Judge[1] |

# ORDER

Plaintiff "ZS," prosecuting this lawsuit under a pseudonym and pro se, initiated this action on March 24, 2025 against Defendants Bay Mountain Capital LLC and Stewart Title Guaranty Company. (*See* Dkt. No. 3.) ZS alleges that Bay Mountain overcharged him and engaged in deceptive lending practices and that Stewart Title mishandled escrow funds and charged excessive fees. (Dkt. No. 3 at 2.) ZS seeks to proceed in forma pauperis ("IFP") without prepaying court costs (Dkt. No. 4), and he requests authorization to prosecute this action using a pseudonym rather than his real identity (Dkt. No. 5).

## I. MOTION TO PROCEED PSEUDONYMOUSLY

"Generally, parties to a lawsuit must identify themselves in their pleadings." *Doe v. Compact Info. Sys., Inc.*, No. 3:13-CV-5013-M, 2015 WL 11022761, at *3 (N.D.

---

[1] This case has been referred to the United States magistrate judge for screening pursuant to Special Order 3-251. (*See* Dkt. No. 1.)

Tex. Jan. 26, 2015) (citing *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979)); *see also* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]").  This requirement recognizes that courts are public fora and that there is a legitimate public interest in knowing litigants' identities.  *See id.*

Even so, courts have encountered certain circumstances in which a plaintiff's need to shield their identity from public knowledge outweighs the public interest in open judicial proceedings.  *See Sealed Appellant v. Sealed Appellee*, No. 22-50707, 2024 WL 980494, at *3 (5th Cir. Mar. 7, 2024) (unpublished) ("[T]he pseudonymity analysis requires the court to balance the private and public interests[.]").  The Fifth Circuit has identified three factors that "deserve considerable weight" when assessing a plaintiff's request to proceed pseudonymously: (1) whether the plaintiff is challenging governmental activity; (2) whether prosecution of the lawsuit will require the plaintiff to disclose information "of the utmost intimacy"; and (3) whether, in prosecuting the lawsuit, the plaintiff would be compelled to admit an "intention to engage in illegal activity, thereby risking criminal prosecution."  *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. Unit A Aug. 1981).  These factors are not exclusive, as other courts also have considered such things as whether identifying litigants might subject them to threats of violence.  *See Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 266 (E.D. Tex. 2007).  The Fifth Circuit has stated clearly, though, that "[p]arties may not 'proceed anonymously based on generalized concerns.'"  *Sealed*

*Appellant*, 2024 WL 980494, at *3 (quoting *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 520 n.5 (5th Cir. 2022)).

ZS—who states that he is an "active real estate investor" (Dkt. No. 5 at 3)—contends that he should be allowed to proceed pseudonymously "due to serious concerns about future lender discrimination and financial retaliation if his identity is publicly disclosed in this lawsuit." (Dkt. No. 5 at 1.) He further contends that allowing him to proceed without identifying himself "is necessary to prevent undue harm to Plaintiff's ability to secure loans, lines of credit, and other financial services in the future." (*Id.*)

ZS's reasons for remaining anonymous do not implicate concerns that courts regularly validate as reasons for pseudonymity. He is not challenging government authority, nor is it in any way apparent that prosecuting his claims against a lender and a title company would require him to disclose activity that might subject him to criminal prosecution. *See Stegall*, 653 F.2d at 185. And while ZS's business dealings and investments might generally involve private financial information, he has not shown that they are matters of "utmost intimacy" that overcome the presumption of openness in judicial proceedings. Indeed, allegations of overcharges, business disagreement, or financial impropriety are routinely litigated by entities and individuals in open judicial proceedings—these allegations do not approach the level of intimate detail that typically justifies anonymity. *Cf. Doe v. Cabrera*, 307 F.R.D. 1, 5-6 (D.D.C. 2014) (characterizing allegations of sexual assault as sensitive and highly

personal, and allowing plaintiff to remain anonymous during pretrial proceedings). Finally, ZS's allegations do not suggest that there is a credible threat of violence against him if he is required to identify himself as the plaintiff in this lawsuit.

It is apparent from the motion that, at bottom, ZS simply wishes to sue lenders without that fact being potentially discoverable by future potential lenders. As a real estate investor "who relies on access to financing, credit, and lending relationships," he speculates that identifying himself as someone "tied to a lawsuit against a prior lender and a title company" might prompt future lenders to view him as litigious and thereby decline to lend or to lend on less favorable terms. (Dkt. No. 5 at 5.) While those concerns might be legitimate from a business standpoint, it is not legally sufficient and is instead a type of "generalized concern[]" the Fifth Circuit has disallowed as a permissible basis for anonymous filing. *See Sealed Appellant*, 2024 WL 980494, at *3.

## II. MOTION TO PROCEED IFP

Under 28 U.S.C. § 1915(a)(1), a federal district court may authorize a person to bring a civil action in forma pauperis when he submits an affidavit establishing his inability to pay or give security for applicable court fees "without suffering undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). To determine whether the payment of fees would cause undue financial hardship, the Court must examine the applicant's financial condition. *See id.* "This entails a

review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

The Court is unable to determine the appropriateness of IFP status based on ZS's affidavit. (*See* Dkt. No. 4.) First, ZS swore to the truth of the information in the affidavit under penalty of perjury using his chosen pseudonym. (Dkt. No. 4 at 1.) An affiant must sign an affidavit because it manifests their willingness to be held accountable for any falsity that might be proved in the affidavit. *Maslyakova v. Supreme Jud. Ct. of Massachusetts*, No. CV 18-12059-IT, 2019 WL 13300288, at *1 (D. Mass. Mar. 5, 2019). By contrast, ZS has signed the affidavit using a self-selected moniker that he hopes *cannot* be used to identify him, eschewing accountability for any knowingly inaccurate information in the document. The Court declines to give the affidavit credence. *See Williams v. D'Argent Franchising, L.L.C.*, No. 1:20-CV-01501, 2023 WL 3059192, at *14 (W.D. La. Apr. 24, 2023) (noting that "anonymous affidavits" "cannot be considered as evidence to support a motion" (quoting *Deukmejian v. Nuclear Regulatory Comm'n*, 751 F.2d 1287, 1321 n.203 (D.C. Cir. 1984), *vacated on other grounds on reh'g sub nom.*, *San Luis Obispo Mothers for Peace v. United States Nuclear Regulatory Comm'n*, 789 F.2d 26 (D.C. Cir. 1986))).[2]

Second, the information in the affidavit is incomplete. ZS left blank, for example, the box that requires him to disclose an estimate of "the average amount of

---

[2] The Court recognizes that sealing or other procedures exist for circumstances in which an *identified* affiant shows a legitimate basis for withholding their identity from the public record. As discussed above, such circumstances have not been established here.

money received" through employment "during the past 12 months." (Dkt. No. 4 at 1.) He also left blank *all* questions about his expenses despite an instruction to "not leave any blanks: if the answer to a question is '0,' . . . write that response." (Dkt. No. 4 at 1, 4-5.) ZS's affidavit suggests that he has absolutely no income—and has not had any income in the past 12 months—and absolutely no bank account, investments, motor vehicle, or assets of any kind except real estate that has a *negative* value of $750,000. (*Id.*) ZS also reports that he has absolutely no expenses. (*Id.* at 4-5.) In a supplemental affidavit, ZS states that he has no "steady income sufficient to cover legal fees" and "no viable source of income." (Dkt. No. 6 at 2-3.) He also states that he relies on financial assistance from friends (*id.* at 2), but he does not disclose the amount of such assistance or the cost of those basic needs.

These deficiencies preclude the Court from assessing whether IFP status is appropriate in this case. The Court therefore requires ZS to complete and sign under penalty of perjury an amended Application to Proceed in District Court without Prepaying Fees or Costs that accurately discloses all the information sought in the form.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Proceed Under a Pseudonym (Dkt. No. 5) and **ORDERS** Plaintiff to submit an amended IFP application. No later than **April 16, 2025**, Plaintiff must file an amended complaint

and amended Application to Proceed in District Court without Prepaying Fees or Costs.

If he has not already done so, Plaintiff also must register as an Electronic Case Filing ("ECF") user forthwith, and in any event no later than **April 16, 2025**. (*See* Dkt. No. 2.)

Failure to comply with this order may result in a recommendation that this case be dismissed for failure to prosecute or follow court orders.

**SO ORDERED** on March 26, 2024.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE