IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZAK SHAIK, a/k/a Zia Shaikh,<br>　　　Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | No. 3:25-CV-703-B-BW |
| | § | |
| BAY MOUNTAIN CAPITAL LLC, et al., | § | |
| 　　　Defendants. | § | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

For reasons explained below, the undersigned recommends that Plaintiff Zak

Shaik's claims against Defendant Bay Mountain Capital LLC be dismissed without

prejudice pursuant to Fed. R. Civ. P. 4(m) for failure to serve the defendant.

## I.  BACKGROUND

Shaik, who is proceeding pro se and in forma pauperis, filed this action more

than a year ago.  (*See* Dkt. No. 3.)  On October 15, 2025, the undersigned completed

judicial screening under 28 U.S.C. § 1915 and directed the United States Marshals

Service ("USMS") to serve the two defendants named in Shaik's First Amended

Complaint, one of them being Bay Mountain Capital, LLC ("BMC").  (*See* Dkt. No.

12.)  As detailed below, BMC has not been served in the almost seven months since.

---

[1] Senior United States District Judge Jane J. Boyle has referred the case to the undersigned magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b). (Dkt. No. 15.)

USMS was unable to execute the first summons for BMC.  In its Process Receipt and Return filed on October 24, 2025, USMS noted its attempt to serve BMC at the address provided by Shaik—3824 Cedar Springs Road, Suite 412, Dallas, Texas—but that address was a UPS Store with mailboxes, not a place where BMC could be found in person.  (*See* Dkt. No. 16.)  Thus, the attempt at personal service was unsuccessful.

Then, on December 5, 2025, the undersigned ordered USMS to serve BMC with the summons and operative complaint by certified mail, return receipt requested at that same address on Cedar Springs Road.  (Dkt. No. 22.)  On December 22, 2025, USMS filed a Process Receipt and Return noting that service had been attempted but stating that the business is no longer at the listed address.  (Dkt. No. 26.)  Notes also stated that USMS called the phone number associated with the business, but the number was disconnected.  (*Id.*)

On December 23, Shaik filed a motion requesting an order directing USMS to serve BMC through what Shaik purported to be BMC's registered agent, CT Corporation.  (Dkt. No. 28.)  The undersigned granted Shaik's request (*see* Dkt. No. 29), and USMS delivered process to CT Corporation on January 6, 2026 (Dkt. No. 34).  On January 25, however, Shaik informed the Court that CT Corporation notified him of its rejection of the summons on behalf of BMC because it was not BMC's registered agent.  (*See* Dkt. No. 37-1.)

In his January 25 filing, Shaik asked the undersigned to "deem" BMC as having been served and permit him to proceed to discovery.  (Dkt. No. 37.)  The undersigned explained, however, that there was not a basis upon which the Court may proceed in this action without first demonstrating that the defendant had been served.  (*See* Dkt. No. 38 at 2.)  While the undersigned declined Shaik's request to proceed as though BMC had been served, it directed Shaik to consider whether BMC could be served by other means, including through the Texas Secretary of State as provided for in Texas Business Organizations Code, Chapter 5, subchapter F, or through an alternate method of service under Tex. R. Civ. P. 106(b).  (Dkt. No. 38 at 3.)  The undersigned also found good cause to extend Shaik's deadline to serve BMC until March 26, 2026.  (*Id.*)

Two months later the extended deadline passed without any action by Shaik. Therefore, on March 27, 2026, the undersigned entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("FCR") recommending that Shaik's claims against BMC be dismissed without prejudice.  (Dkt. No. 39.) Three days later, Shaik objected, contending that he had shown "continuous diligence" in his efforts to serve BMC.  (Dkt. No. 40.)  Although the undersigned did not accept Shaik's assertion of continuous diligence, the FCR was withdrawn, and the undersigned again extended Shaik's deadline to serve BMC, this time until April 30, 2026.  (Dkt. No. 42.)

Shaik filed multiple motions for substitute service of BMC soon thereafter.  On March 31, he filed a motion seeking to have BMC served by mail at the same Cedar Springs Road address previously attempted unsuccessfully, by posting the summons and complaint at that same UPS Store, or by sending the documents to three email addresses that Shaik alleged "are actively used in connection with Defendant's business operations[.]"  (Dkt. No. 43.)  On the following day, the undersigned denied the motion because Shaik did not provide the necessary supporting affidavit that is required by Tex. R. Civ. P. 106(b) and failed to "explain[] with any specificity how the requested methods of service will be reasonably effective in giving [BMC] actual notice of the lawsuit."  (Dkt. No. 44 at 4.)  The undersigned also noted that Shaik did not identify any person supposedly associated with the three email addresses or provide any facts showing that they email addresses are in active use.  (*Id.* at 4 n.2.)

Shaik renewed his motion the next day, on April 2.  (Dkt. No. 45.)  His motion was largely the same but was accompanied by a declaration in which Shaik alleged that BMC could be found at the Cedar Springs Road address—the same one USMS had determined was a UPS Store where BMC could not be served.  (*See* Dkt. No. 45-2 at 1.)  He also stated that the three email addresses were associated with BMC based on "prior business dealings, communications, and publicly available company information," and he made conclusory statements about the requested substitute service, such as that the email addresses are in active use or that the requested means of notice are reasonably calculated to provide BMC with actual

notice of the lawsuit.  (*Id.* at 1-2.)  The next day, the undersigned denied this renewed motion, attempting to explain the necessity for Shaik to state *with specificity* how the requested methods of service are reasonably likely to provide actual notice.  (Dkt. No. 46.)  With respect to methods of service that USMS has already attempted unsuccessfully, Shaik did not explain how mailing documents to the same mailbox or posting a notice at the UPS Store that USMS determined was not in active use by BMC would likely give BMC notice of the lawsuit.  And with respect to the email addresses, Shaik did not identify any person affiliated with an address or provide any facts suggesting that they are currently using those email addresses now.  (*Id.* at 2-3.)

The following day, on April 4, Shaik filed yet another motion for alternative service.  (Dkt. No. 47.)  This time he identified the three people associated with the email addresses and stated that he sent his pre-litigation notice to those email addresses on March 16, 2025—more than a year earlier—without receiving a bounce-back message.  (*Id.* at 2-3.)

Because this was Shaik's third motion in five days—each requiring a response by the undersigned—the undersigned determined it would be more efficient to address Shaik's motion at a hearing rather than seriatim motions and orders.  The undersigned therefore set the latest motion for a hearing on April 17.  (Dkt. No. 48.)  Soon after the setting, however, Shaik filed a motion requesting to appear at the hearing remotely or, alternatively, to cancel the hearing and have the motion decided on the papers.  (Dkt. No. 49.)  Shaik did not specify reasons why he could not appear

at the hearing, suggesting only that his person appearance would be an "unnecessary burden" that would present a "logistical hardship." (*Id.* at 1-2.)  The undersigned denied Shaik's request to appear at the hearing remotely but granted his alternative request to cancel the hearing.  (Dkt. No. 50.)  The undersigned also denied Shaik's renewed request to serve BMC by email because his allegation that he sent a pre-litigation notice to the email addresses in March 2025 failed to establish that any (or all) of the email addresses is in active use now.  (*Id.* at 2-3.)

Shaik's extended deadline to serve BMC passed on April 30.  BMC has not been served, and Shaik has not established grounds for service of BMC through alternative means.

## II.  LEGAL STANDARDS AND ANALYSIS

Fed. R. Civ. P. 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."  Fed. R. Civ. P. 4(c)(1).  After effecting service, the plaintiff must file proof of service with the court.  Fed. R. Civ. P. 4(*l*)(1).  If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant," unless the plaintiff shows both (1) good cause for his failure to timely and properly effect service and (2) good cause for the court to extend the time for service for an appropriate period.  Fed. R. Civ. P. 4(m); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870

F.3d 365, 369 (5th Cir. 2017).  "A *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m)."  *Drgac v. Treon*, No. CIV.A. H-07-4283, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) (citing *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)).  But "[a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules."  *Id.* (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)).  "The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law."  *Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (quoting *Hulsey v. State of Tex.*, 929 F.2d 168, 171 (5th Cir. 1991)).

Here, Shaik is proceeding in forma pauperis.  So, the Court has directed USMS to attempt service on BMC on Shaik's behalf.  *See* 28 U.S.C. § 1915(d). Although Shaik is proceeding in forma pauperis, it is his responsibility to "provide the court with correct addresses for the defendants, so that service can be accomplished; it is not the clerk's responsibility to research and supply this information."  *Calvin v. Harrington*, No. 3:19-CV-02294-G-BT, 2020 WL 5415740, at *1 (N.D. Tex. Apr. 28, 2020), *accepted*, 2020 WL 2703513 (N.D. Tex. May 22, 2020). As to BMC, Shaik has not provided an address at which the defendant can be served. And, despite having been given opportunities to do so, Shaik has not made the showing necessary to serve BMC my substitute service.

Shaik has now had almost seven months—more than twice the default 90-day period allowed by Rule 4(m)—provide a valid method by which BMC can be served. Despite this considerable extension, Shaik has demonstrated little diligence in attempting to serve BMC in a manner that is reasonably likely to give the defendant actual notice of the lawsuit.  Rather, Shaik has repeatedly sought to rely on serving BMC at an address where USMS has stated BMC cannot be found, either in person or by mail.  And with respect to Shaik's requests to serve BMC by email, the undersigned has repeatedly explained that Shaik must establish specific grounds upon which the Court can conclude that the email addresses are in active use.  He has not made this showing and has eschewed efforts to address the deficiencies through a hearing.  Shaik has not availed himself of the numerous opportunities to move this case forward by serving BMC.  Shaik's claims against BMC should be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

## III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's claims against Bay Mountain Capital LLC be **DISMISSED** without prejudice for failure to timely serve that defendant with summons and a copy of the complaint as required by Fed. R. Civ. P. 4(m).

**SO RECOMMENDED** on May 7, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).