IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZAK SHAIK, a/k/a Zia Shaikh, Plaintiff, | § | |
| v. | § | No. 3:25-CV-703-B-BW |
| STEWART TITLE OF OKLAHOMA, INC., Defendant. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On September 4, 2026, Defendant Stewart Title of Oklahoma, Inc. ("Stewart Title") filed a Motion to Dismiss pro se Plaintiff Zak Shaik's Fourth Amended Complaint and a brief in support. (Dkt. Nos. 79, 80 ("Br.").) Shaik filed a response on September 21. (Dkt. No. 81 ("Resp.").) Stewart Title filed its reply on September 23. (Dkt. No. 82 ("Reply").)

The undersigned magistrate judge recommends that the District Judge grant the motion to dismiss in part for lack of venue, deny the motion without prejudice in all other respects, and transfer this action to the Eastern District of Oklahoma.

## I. BACKGROUND

On July 22, 2026, the undersigned entered findings, conclusions, and a recommendation that the Court grant Stewart Title's motion to dismiss Shaik's Third

[1] Senior United States District Judge Jane J. Boyle has referred the case to the undersigned magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b). (Dkt. No. 15.)

Amended Complaint and allow Shaik to replead his claims against Stewart Title to state his best case. (Dkt. No. 75 ("FCR").) The undersigned concluded that, although Stewart Title is not entitled to dismissal for lack of constitutional standing, Shaik was unable to personally prosecute claims that belonged to Hospitality Industries, a limited liability company for which he is the sole member. (*Id.* at 8-11, 12-13.) Additionally, the undersigned determined that Shaik's Third Amended Complaint failed to establish that venue is proper in this district and that its bare-bones allegations failed to state any claim for relief. (*Id.* at 11-12, 13-16.) Senior U.S. District Judge Jane J. Boyle accepted the FCR over Shaik's objections (*see* Dkt. No. 77), and, on August 11, Shaik filed Plaintiff's Fourth Amended Complaint (Dkt. No. 78 ("FAC")).

The gravamen of the FAC is that Stewart Title committed multiple torts when it failed to follow Shaik's directive not to pay filers of disputed mechanics liens using funds from the refinance of property in Oklahoma. He alleges that, on January 30, 2025, he hand-delivered "a written legal notice" to the closing officer at Stewart Title's office in Ardmore, Oklahoma directing Stewart Title not to release escrowed funds to contested lien holders and to hold those funds until litigation over those liens was resolved. (FAC ¶ 1.) Shaik avers that Stewart Title disbursed the funds despite that instruction. (*Id.*) He states in the FAC that the new pleading cures the Court's concerns with respect to his lack of prudential standing and the sparseness of the factual allegations underlying his claims for relief. (FAC ¶ 2.)

With respect to standing, Shaik averred for the first time in the FAC that, as sole member of Hospitality Industries, he assigned its claims to him personally and, in support of that averment, attached a notarized statement purporting to assign the claims to himself on behalf of Hospitality Industries. (FAC ¶ 3; Dkt. No. 78-2 at ECF pp. 60-21.)

Unlike Shaik's prior complaints alleging federal question jurisdiction, the FAC is predicated on the Court's diversity jurisdiction under 28 U.S.C. § 1332(a).[2] He alleges that Stewart Title is an Oklahoma corporation with its principal place of business there and that, from its office in Ardmore, Oklahoma, acted as the closing, settlement, and escrow agent for the refinance transaction underlying this lawsuit. (FAC ¶ 4.) Shaik also alleges that the amount in controversy exceeds $75,000. (FAC ¶ 5.) The FAC alleges that venue is proper under 18 U.S.C. § 1391(b)(2) because the refinance was negotiated in this district, transaction communications were sent and received by Shaik in this district, and Shaik suffered financial injury here. (FAC ¶ 7.)

Shaik avers that he owned seven properties in Ardmore County, Oklahoma through Hospitality Industries. (FAC ¶ 8.) Hospitality Industries financed the properties through Bay Mountain Capital, which advised Shaik in late 2024 that it

[2] Shaik's prior complaints included a federal claim under the Real Estate Procedures Act ("RESPA"), 12 U.S.C. § 2605, and also asserted claims against Bay Mountain Capital, LLC, which appears to be a Texas citizen. The Court has entered a partial judgment dismissing Bay Mountain Capital, and Shaik has removed the RESPA claim from the FAC.

was winding down operations, demanded payoff, and pursued foreclosure. (FAC ¶ 9.) Shaik arranged to refinance the properties with a new lender with an approximate principal amount of $800,000. (*Id.*) Mechanics' liens were recorded against various properties, and Shaik disputed the validity of those liens in litigation that was—and is now—pending in the U.S. District Court for the Eastern District of Oklahoma. (FAC ¶ 10.) Shaik notified Stewart Title that he disputed the validity of the liens and that he believed funds from closing should not be used to pay them. (FAC ¶ 11.) And Stewart Title's escrow officer confirmed that she would "need the lender funds before [she could] disburse any funds." (FAC ¶ 12.)

The refinance closed at Stewart Title's office in Ardmore on January 30, 2025. (FAC ¶ 14.) According to Shaik, lending documents identify Hospitality Industries as the borrower and Shaik as a personal guarantor. (*Id.*) Additionally, according to the allegations, Shaik is named as a borrower on the promissory note. (*Id.*) Shaik alleges that, while at the closing table, he delivered "a written legal notice" directing Stewart Title not to release any funds to the contested lienholders—"pursuant to Oklahoma law"—and to hold those funds until the liens were adjudicated. (FAC ¶ 15.) He followed that with emails later that day to Stewart Title's escrow officers with the same instructions and asking for confirmation of receipt. (FAC ¶ 16.) According to Shaik, Stewart Title released funds to pay the contested liens—$4,270.00 to Josh's Flooring and Remodeling, Inc. and $3,610.73 to Hoyle Holt Allied Services Co. (FAC ¶ 20.)

Shaik made demands of Stewart Title after the closing to refund the payments to the disputed lienholders. (FAC ¶ 21.) Through its counsel, Stewart Title declined the request, stating that its disbursements were proper and consistent with standard escrow practices. (*Id.*) Shaik also demanded a refund of what he alleges to be "excessive and unreasonable" closing costs, which it also declined to do. (FAC ¶ 22.) Shaik avers that the failure to refund these fees are among the claims assigned to him by Hospitality Industries. (*Id.*)

The FAC asserts four causes of action against Stewart Title: (1) breach of fiduciary duty, (2) conversion, (3) negligence and gross negligence, and (4) money had and received. (FAC ¶¶ 28-45.) He also seeks a declaratory judgment. (FAC ¶¶ 46-48.)

Stewart Title now moves to dismiss the FAC under Fed. R. Civ. P. 12(b)(1), 12(b)(3), and 12(b)(6). As it did in the prior motion, it contends that Shaik lacks standing to pursue the claims that belong to Hospitality Industries and that the purported assignment of its claims to him should be ignored, either because it is a sham or because the claims cannot be assigned under Oklahoma law. (Br. at 4-8.) It also argues that venue is not proper in this district. (Br. at 15-16.) And it asserts that Shaik's factual averments still do not states any cause of action against it. (Br. at 14.)

## II. LEGAL STANDARDS

### A. Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Louisiana Real Est. Appraisers Bd. v. Fed. Trade Comm'n*, 917 F.3d 389, 391 (5th Cir. 2019) (quoting *Texas v. Travis Cnty., Texas*, 910 F.3d 809, 811 (5th Cir. 2018)). Courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

A motion to dismiss under Rule 12(b)(1) is the vehicle through which a party can challenge a federal court's subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be found in the complaint alone. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996))). If the court determines that it lacks subject-matter jurisdiction, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3). "A motion under Rule 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

When a motion to dismiss for lack of subject matter jurisdiction "is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1)

jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (explaining that "the court should dismiss only on the jurisdictional ground . . . without reaching the question of failure to state a claim"). This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. *Ramming*, 281 F.3d at 161. The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction. *Id.*

"Every party that comes before a federal court must establish that it has standing to pursue its claims." *Cibolo Waste, Inc. v. City of San Antonio*, 718 F.3d 469, 473 (5th Cir. 2013). There are two facets of standing, "Article III standing, which enforces the Constitution's case-or-controversy requirement; and prudential standing, which embodies judicially self-imposed limits on the exercise of federal jurisdiction." *Id.* (quoting *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004)). To establish Article III standing, a plaintiff must show "(1) an injury in fact (2) that is fairly traceable to the actions of the defendant and (3) that likely will be redressed by a favorable decision." *Id.* (quoting *Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 560 (5th Cir. 2001)).

**B. Rule 12(b)(3)**

"[T]he plaintiff bears the burden to prove that the chosen venue is proper and 'may carry its burden by presenting facts that, taken as true, would establish venue.'" *X Corp. v. World Fed'n of Advertisers*, 826 F. Supp. 3d 772, 789–90 (N.D. Tex. 2026) (quoting *TGM Wind Servs., LLC v. Bartusek*, No. 3:16-CV-01007-N, 2016 WL 9527980, at *1 (N.D. Tex. Sept. 22, 2016)). "When deciding a Rule 12(b)(3) motion, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Wadley v. Meta Platforms, Inc.*, No. 3:23-CV-2587-G-BT, 2024 WL 3891531, at *2 (N.D. Tex. July 10, 2024), *accepted*, 2024 WL 3891839 (N.D. Tex. Aug. 21, 2024). The Court may consider evidence beyond the facts alleged in the complaint and its attachments. *See Umphress v. Hall*, 479 F. Supp. 3d 344, 348 (N.D. Tex. 2020). Pursuant to 28 U.S.C. § 1406(a), a district court has the discretionary authority to transfer cases filed in the wrong division or district to cure a defect in venue only if it is in the interest of justice to make such a transfer. *See id.*

## III. ANALYSIS

**A. The validity of Hospitality Industries's assignment of claims does not implicate constitutional standing and jurisdiction.**

Stewart Title argued in its prior motion to dismiss that Shaik lacked standing to bring the claims asserted and moved for dismissal under Fed. R. Civ. P. 12(b)(1). (*See* Dkt. No. 69.) The FCR explained, however, that Article III constitutional standing did not appear to be at issue based on Stewart Title's cited Supreme Court authority and that Defendant is not entitled to dismissal for lack of subject matter

jurisdiction. (FCR at 8-11.) Stewart Title did not object to that conclusion, which Judge Boyle adopted. (*See* Dkt. No. 77.) It is evident that the issue does not implicate constitutional standing, regardless whether the assignment is valid or whether the FAC substantiates that Shaik has alleged facts showing that he is able to pursue claims personally.

**B. Shaik has not demonstrated that a substantial part of the events underlying his claims occurred in this district.**

Shaik predicates venue in this district under 28 U.S.C. § 1391(b)(2), which in relevant part grounds proper venue in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" (FAC ¶ 7.)[3] He supports venue by alleging that he negotiated the refinance while in this district, transaction communications were sent to and from him in this district, and the financial injuries were felt in this district. (*See id.*) Stewart Title argues that these allegations are insufficient to ground venue here, as the events underlying his claims all occurred in Ardmore, Oklahoma. (Br. at 15.)

Shaik does not argue in response that venue is proper in this district. (*See* Resp. at 7-8, 22-24.) Rather, he simply contends that, if the case is transferred due to lack of venue, it should be sent to the Eastern District of Oklahoma, which

[3] Defendant Bay Mountain Capital, LLC has been dismissed from this action pursuant to Fed. R. Civ. P. 4(m). (*See* Dkt. No. 73.) Even assuming Bay Mountain is a citizen of Texas for purposes of diversity, venue could never have been predicated in this district under § 1931(a) while Stewart Title has been a defendant.

encompasses Ardmore (Carter County), *see* 18 U.S.C. § 116(b), rather than the Western District of Oklahoma as Steward Title requests.[4]

Shaik's implicit concession that venue is lacking is well founded. *See William J. v. BlueCross BlueShield of Texas*, No. 3:22-CV-1919-G, 2023 WL 3635640, at *6 (N.D. Tex. May 24, 2023) (recognizing that failure to respond to arguments in motion to dismiss generally constitutes waiver or abandonment). Although he was in the Northern District of Texas when he made arrangements for refinancing, his claims arise out of Stewart Title's failure to follow his instructions to withhold payment to disputed lienholders concerning property in Oklahoma. The FAC alleges that he delivered those instructions to the closing agent in person at the Ardmore office and that Stewart Title then failed to follow those instructions. That is, the events giving rise to the duties upon which Shaik relies and the breaches of those duties center on Ardmore, Oklahoma. Shaik has not pointed to any events—much less a "substantial part" of the events—that occurred in the Northern District of Texas that give rise to his claims. And Shaik's conclusory assertion that he suffered harm in this district does not carry his burden to establish venue. *See Torus Ventures, LLC v. First Nat'l Bank of Sonora*, No. 6:24-CV-00525-DC-DTG, 2025 WL 2158379, at *2 (W.D. Tex. July 14, 2025) (concluding conclusory statements do not carry burden to establish venue), *accepted*, 2025 WL 2154374 (W.D. Tex. July 29,

[4] Stewart Title states in its reply that it does not oppose transfer to the Eastern District of Oklahoma. (Reply at 10.)

2025). Further, Shaik's post-event communications cannot establish venue because he sent and received them in an effort to obtain relief for the alleged breaches and misdeeds for which he sues. That is, those communications were part of his effort to obtain remedies based on his claims; they did not give rise to his claims. *See Jerger v. D&M Leasing Dallas*, No. 4:20-CV-00309, 2020 WL 4335733, at *3–5 (E.D. Tex. July 28, 2020) (declining to accept for venue purposes allegations after claims "materialized").

Under 28 U.S.C. § 1406(a), where venue is shown lacking in the district or division where the case is pending, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The parties do not dispute that this action could have been brought in the Eastern District of Oklahoma, where the events underlying Shaik's claims against Stewart Title arose. Moreover, Shaik requests transfer to the Eastern District of Oklahoma rather than dismissal. Accordingly, in view of the absence of venue in this district, it would be appropriate to transfer this case to the Eastern District of Oklahoma.

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that that the District Judge **GRANT** Stewart Title's motion to dismiss (Dkt. No. 79) in part pursuant to Rule 12(b)(3), **DENY** the motion without prejudice as to all other

respects, and **TRANSFER** this action to the United States District Court for the Eastern District of Oklahoma.

**SO RECOMMENDED** on October 13, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).