IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZAK SHAIK, a/k/a ZIA SHAIK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:25-CV-0703-B-BW |
| | § | |
| BAY MOUNTAIN CAPITAL, | § | |
| LLC, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

The magistrate judge entered Supplemental Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("SFCR") on June 1, 2026, recommending that Plaintiff Zak Shaik's claims against Defendant Bay Mountain Capital, LLC be dismissed with prejudice as a sanction for his knowing submission of false information in violation of Federal Rule of Civil Procedure 11(b). (Dkt. No. 67.) Plaintiff filed objections to the SFCR on June 3. (Dkt. No. 68.) In his objections, Plaintiff argued that lesser sanctions should have been imposed. (*Id.* at 4.) After considering the objections, the Court adopted the SFCR and entered an amended partial judgment dismissing claims against Bay Mountain Capital, LLC with prejudice on June 30, 2026. (Dkt. Nos. 72, 73.)

On July 23, Plaintiff filed a Supplement in Support of His Rule 59(e) Motion to Alter or Amend the Amended Partial Judgment. (Dkt. No. 76 ("Rule 59(e) Mot.").) In the Rule 59(e) Motion, Shaik argues that the amended partial judgment

should be withdrawn or altered because the Court failed to consider whether or determine that sanctions less drastic than dismissal with prejudice would be sufficient to address his "service-related deficiency," as he considers the issue.

Where a litigant requests that a district court reexamine a prior ruling that adjudicates all the claims among parties, such a motion filed "within twenty-eight days after the entry of the judgment … is treated as though it was filed under Rule 59." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) (citation omitted); *see also Washington v. UTMB*, No. 20-20434, 2022 WL 2527665, at *1 (5th Cir. July 7, 2022) (per curiam) ("Regardless of how it is labeled or classified, a motion seeking reconsideration is treated as a [Rule] 59(e) motion if it is filed within the applicable 28-day time limit." (citations omitted)). But Rule 59(e) "is 'an extraordinary remedy that should be used sparingly,'" *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)), and may not be invoked "to rehash matters that have been thoroughly considered and rejected by the court." *Wardlow v. United States*, No. 4:04-CV-408, 2017 WL 4868229, at *5 (E.D. Tex. Oct. 26, 2017).

Contrary to Plaintiff's assertion otherwise (*see* Rule 59(e) Mot. at 1), he is attempting to use Rule 59(e) to rehash arguments that have already been presented, considered, and rejected by the Court. The magistrate judge did, in fact, expressly consider whether lesser sanctions might address the sanctionable conduct. (*See* Dkt. No. 67 at 24-25.) And the magistrate judge explained why, the case already having been dismissed for failure to serve Bay Mountain Capital, a

dismissal without prejudice that Shaik now requests would have been no sanction at all and, thus, would not have deterred the conduct at issue. And that conduct was not merely "a service-related deficiency," as Shaik portrays it. Rather, he falsely represented in a filing that he hired a process server and that the person served a limited liability company at a place where such service would have been incredible. Additionally, Shaik argued in his objections to the SFCR that lesser sanctions were appropriate. (Dkt. No. 68 at 4.)

As demonstrated by the record, Plaintiff's Rule 59(e) Motion reiterates arguments that the Court found unpersuasive before entering the amened partial judgment. In any event, the motion does not present any intervening authority or new evidence, and it does not demonstrate that there is any manifest error of fact or law. Plaintiff's motion (Dkt. No. 76) therefore is **DENIED**.

**SO ORDERED.**

**DATE: November 2, 2026.**

JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE